IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02601-KAS

DENNIS W. STARK,

      Plaintiff,

v.

TOWN OF FREDERICK, and
BRYAN OSTLER,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendants' **Motion to Dismiss the Complaint** [#27][1] (the "Motion"). Plaintiff filed a Response [#36] and Defendants filed a Reply [#38]. The Court has reviewed the Motion [#27], the entire case file, and the applicable law. For the reasons set forth below, Defendants' Motion [#27] is **GRANTED**.

## I.    Background

Plaintiff Dennis W. Stark, proceeding pro se,[2] asserts employment discrimination claims against Defendants Town of Frederick (the "Town") and Town Manager Bryan

---

[1] "[#27]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Ostler. *Compl.* [#1] at 3.[3] Plaintiff alleges that he has applied for approximately 25 employment positions with the Town and has been denied employment each time. *Id.* at 9. He claims Defendants discriminated against him in the hiring process based on his age, his "potential handicapped status," and "other discriminatory practices." *Id.*

Plaintiff filed a charge with the Colorado Civil Rights Division and Equal Employment Opportunity Commission on September 27, 2023. *See Charge* [#1-1] at 2-3. The charge named the Town as the sole respondent and alleged aged-based discrimination and retaliation. *Id.* A Colorado Civil Rights Division officer determined that no probable cause supported Plaintiff's charge, and the decision was upheld through the Division's appeal process. *Notice of Appeal* [#1-3] at 7; *Appeal Letter* [#1-3] at 5. The EEOC conducted a substantial weight review of the determination and reached the same conclusion. *Determination and Right to Sue* [#1-3] at 2-3.

Plaintiff then filed the instant lawsuit naming the Town and Ostler as Defendants. *Compl.* [#1] at 3. Plaintiff does not explicitly state whether he sues Defendant Ostler in his official or individual capacity. Official capacity claims against a municipal employee are treated as a suit against the municipality itself. *See Johnson v. Bd. of Cnty. Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996). Because Plaintiff has also named the Town as a defendant, and because Plaintiff sues for monetary damages, the Court assumes that Plaintiff intended to name Defendant Ostler in his individual capacity.

In his complaint, Plaintiff asserts the following claims for relief:

1. Age discrimination pursuant to the Age Discrimination in Employment Act

---

[3] Citations to page numbers refer to the numbering stamped at the top of each page by the Court's CM/ECF docketing system, not to the filing's original page numbering.

    (ADEA), 29 U.S.C. §§ 621 *et seq.*;

2.   Religious discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. 2000e *et seq.*;

3.   Disability discrimination pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*; and

4.   Defamation.

*Id.* at 3-4. Although Plaintiff did not check the Americans with Disabilities Act as a basis for his claims on this Court's standard Employment Discrimination Complaint form, he later checked "failure to accommodate disability" as a component of the complained-of conduct, and he checked "disability" as a reason for the Defendants' alleged discrimination on the next page. *Id.* at 4. Construing his pleadings liberally, the Court assumes that Plaintiff intended to assert a claim under the ADA.

Defendants conferred with Plaintiff before filing the instant Motion [#27] concerning what they believed were defects in the complaint as pleaded. *Notice re: Conferral* [#26]. Plaintiff did not file an amended complaint attempting to remedy any of the defects that Defendants identified.

Defendants now move for complete dismissal because (1) Defendant Ostler is an improperly named defendant; (2) Plaintiff's defamation claim is jurisdictionally barred by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.*; (3) Plaintiff has failed to administratively exhaust his disability and religious discrimination claims; and (4) Plaintiff has failed to plausibly allege facts in support of his age discrimination claim. *Motion* [#27]. Defendants also assert a handful of alternative

3

arguments for dismissal in the event that the Court is unpersuaded by their leading arguments. *See id.*

Plaintiff does not substantively respond to these legal arguments in his Response [#36]. Instead, he asks the Court to reconsider his motion for appointment of volunteer counsel because his case "should not be dismissed due to the Plaintiff's inadvertent omission of legal technicalities or procedures." *Response* [#36] at 1. Plaintiff informs the Court that he has experienced "numerous medical issues" making it challenging for him to "conduct the necessary research and develop the appropriate counterarguments to the Defendant's submitted position(s)." *Id.* at 2. Finally, Plaintiff argues that the cases that Defendants cite in support of their arguments "appear to be a shotgun attempt to deflect the Court's attention from the facts of the case and overwhelm the Plaintiff with legal jargon." *Id.* at 3. The Court is mindful of the difficulties that pro se litigants face and will endeavor to analyze the Defendants' arguments—including the important legal prerequisites to bringing a lawsuit in federal court—clearly and concisely.

## II.    Legal Standards

### A.    Federal Rule of Civil Procedure 12(b)(1)

The Court may not consider cases over which it does not have subject-matter jurisdiction. If a party believes that the Court might not have jurisdiction to hear a case, it may move to dismiss under Rule 12(b)(1). "To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th

Cir. 2019). When a party attacks the factual basis for subject matter jurisdiction, the court "may consider evidence to resolve disputed jurisdictional facts." *SK Fin. SA v. La Plata Cnty. Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997). Here, Defendants argue that the Court does not have jurisdiction over Plaintiff's state law defamation claim (Claim 4). The Court will address that argument first.

**B.    Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits dismissal where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." In other words, dismissal is appropriate where the allegations in the complaint, even if true, do not warrant relief under the laws that the Plaintiff invokes. Thus, a Rule 12(b)(6) motion "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks and citation omitted). Here, Defendants argue that Plaintiff's statutory employment discrimination claims (Claims 1, 2, and 3) fail to state claims upon which relief can be granted. The Court will address those arguments in sections III(B), III(C), and III(D).

### III.    Analysis

**A.    Jurisdiction Over State Law Claim (Claim 4)**

Unlike Plaintiff's claims arising under federal employment statutes, his defamation claim arises under state law. *Salazar v. City of Albuquerque*, No. CIV 10-0645, 2014 WL 6065603, at *25 (D.N.M. Oct. 27, 2014) ("[T]here is no federal cause of action for defamation.") (citation omitted). Thus, any jurisdiction that this Court has to consider the state law claim would be supplemental to its federal question jurisdiction. 28 U.S.C. § 1367; *Salazar*, 2014 WL 6065603, at *25.

To pursue a state law tort claim against a Colorado governmental entity, however, a claimant must put the public entity's governing body or attorney on notice of such claim within 182 days of the date of the injury. COLO. REV. STAT. § 24-10-109(1). This notice is not a mere formality—it is a jurisdictional prerequisite to filing suit. *Id.* ("Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action."). Thus, failure to comply with the CGIA's notice provisions deprives the Court of subject matter jurisdiction over the claim. *Glasser v. King*, 721 F. App'x 766, 770 (10th Cir. 2018); *McKenzie v. City & County of Denver*, No. 21-cv-00833-PAB-STV, 2023 WL 5488465, at *8 (D. Colo. July 21, 2023), *report and recommendation adopted*, 2023 WL 5485625 (D. Colo. Aug. 24, 2023). "Colorado courts consistently hold that a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal." *McKenzie*, 2023 WL 5488465, at *8 (quoting *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003)).

Here, Plaintiff has not pleaded compliance with the CGIA's notice provision, either in the Complaint [#1] or in any other filings of which the Court is aware. Because he has not done so, his defamation claim is barred. *See Dockery v. City of Greeley*, No. 23-cv-00047-RM-KAS, 2024 WL 3936655, at *7 (D. Colo. Aug. 26, 2024). Further, the Court may consider, and indeed credits, the Town Clerk's sworn affidavit confirming that the Town has never received such notice. *See Defs.' Ex. C, T. David Aff.* [#27-3]; *SK Fin. SA*, 126 F.3d at 1275 ("Reference to evidence outside the pleadings [concerning jurisdictional facts] does not convert the motion to dismiss into a motion for summary judgment[.]").

Simply put, Defendants' notice argument is not a deflection or a distraction. Even if the Court wanted to consider "the facts of the case" with respect to Plaintiff's defamation claim, as he asks, this Court cannot do so under the law.

Accordingly, the Court **orders** that the Motion [#27] be **granted** and that Plaintiff's Claim 4 be **dismissed without prejudice**. *Aspen Orthopaedics*, 353 F.3d at 842 (reversing and remanding with instructions to dismiss three claims without prejudice due to the plaintiffs' failure to plead compliance with the CGIA); *see also Eagar v. Drake*, 829 F. App'x 878, 885 (10th Cir. 2020) ("Dismissals for lack of jurisdiction [are] without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (internal quotations and citation omitted).

## B.    Defendant Ostler (Claims 1, 2, and 3)

Defendants argue that Plaintiff's claims against Defendant Ostler must be dismissed, either because Defendant Ostler cannot be subject to personal liability under the employment statutes at issue, or because Plaintiff did not exhaust his administrative

remedies as to Defendant Ostler. The Court finds the first rationale sufficiently persuasive to justify dismissing Defendant Ostler from this action.

The ADEA, ADA, and Title VII do not contemplate personal liability of individual supervisory employees. *See Fuller v. Dep't of Child. & Fams.*, 805 F. App'x 601, 605 (10th Cir. 2020) (ADEA); *Butler v. City of Prairie Vill.,* 172 F.3d 736, 744 (10th Cir. 1999) (ADA); *Haynes v. Williams,* 88 F.3d 898, 899 (10th Cir. 1996) (Title VII). The statutes provide for relief against *employers*, not "individual employees whose action would constitute a violation of the Act." *Haynes*, 88 F.3d at 899; *Rolland v. Carnation Bldg. Servs., Inc.*, No. 16-cv-00057-CMA-NYW, 2016 WL 1618142, at *2 (D. Colo. Feb. 29, 2016) ("The ADA, ADEA, and Title VII are all statutes under which an employer may be held liable; however, these statutes do not also include statutory liability for individual supervisors."), *report and recommendation adopted*, 2016 WL 1586558 (D. Colo. Apr. 20, 2016). Plaintiff sets forth no facts in his complaint that could support a conclusion that Defendant Ostler is an "employer" under Title VII, the ADA, or the ADEA.

Accordingly, the Court **orders** that the Motion [#27] be **granted** and that Plaintiff's claims against Defendant Ostler be **dismissed with prejudice**. *Kahler v. Leggitt*, No. 18-cv-3162-WJM-KMT, 2019 WL 3928622, at *4 (D. Colo. Aug. 20, 2019) (dismissing claims against individual supervisory employee pursuant Title VII, the ADA, and the ADEA with prejudice).

## C.    ADEA Claim (Claim 1)

### 1.    Failure to Hire Theory

The ADEA provides that it is "unlawful for an employer . . . to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The ADEA protects "individuals who are at least 40 years of age." *Id.*

A plaintiff alleging age discrimination can prove his case by either of two means. *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). First, he may assert direct evidence of discrimination based on age, if any is available to him. *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008). "Direct evidence is evidence from which the trier of fact may conclude, without inference, that the employment action was undertaken because of the employee's protected status." *Sanders*, 544 F.3d at 1105. Here, the closest Plaintiff gets to alleging the existence of direct evidence of age discrimination is the following allegation:

> During employment processes, and also outside of them, the Plaintiff was told that "he would never work for the Town of Frederick" and comments such as "why don't you stay retired" and "you're too old to go back to work." Unfortunately, or fortunately, there has been a shift in upper management personnel and a lot of them are no longer in the employ of the Town of Frederick.

*Compl.* [#1] at 10 ¶ 8. However, Plaintiff does not explain who made the statements, and in particular, the statement "you're too old to go back to work." *See id.* Nor does Plaintiff allege when that statement was made, whether it was made "during" or "outside" of employment processes, or whether the person or people making such statement had hiring authority for the jobs to which Plaintiff applied. Thus, without some further factual enhancement, the allegation "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

Where direct evidence of age discrimination is not available, a plaintiff may establish age discrimination by circumstantial evidence pursuant to the burden-shifting

framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Hinds*, 523 F.3d at 1195. The first step in the burden-shifting framework is that the plaintiff establishes a prima facie case of age discrimination, which consists of the following elements: (1) the plaintiff applied for an available position; (2) he was qualified for the position; and (3) he was rejected under circumstances which give rise to an inference of unlawful discrimination. *Laul v. Los Alamos Nat'l Lab'ys*, 765 F. App'x 434, 440 (10th Cir. 2019). Although, at the pleading stage, a plaintiff need not establish a prima facie case in a complaint, a court may consider the elements to help determine a claim's plausibility. *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020).

Here, Plaintiff alleges that he applied for at least 25 jobs posted by the Town, and he attaches a "partial" list of those positions to his Complaint. *Compl.* [#1] at 9 ¶ 1; *List of Positions* [#1-7] at 13. Similarly, Plaintiff alleges that he "was and is qualified for Town of Frederick positions" and attaches a copy of his resume to the Complaint which reveals over ten years of experience in municipal leadership roles. *Compl.* [#1] 9 ¶ 4; *Resume* [#1-1] at 4-6. Plaintiff does not, however, identify which jobs he applied for during the relevant limitations period, what the required qualifications for such roles were, and how his prior employment experience fit the required qualifications.

As to the third element—whether Plaintiff was rejected under circumstances which give rise to an inference of unlawful discrimination—Plaintiff's allegations present a mixed bag. On the one hand, Plaintiff alleges that he is over 70 years old, making him a member of a protected class under the ADEA. *Compl.* [#1] at 9 ¶ 2. Plaintiff alleges that, of all 25 jobs for which he apparently applied, he was "only interviewed once, over the years . . .

10

and the Plaintiff was never offered a second interview or job offer." *Id.* at 9 ¶ 4. Further, Plaintiff alleges that the Town "continually sought other applicants during and after the Plaintiff's applications." *Id.* On the other hand, Plaintiff makes no allegation concerning the age of the people ultimately hired to fill the roles for which he applied. And, as discussed above, Plaintiff does not provide any context for the isolated statement that he was "too old to go back to work." *Id.* at 10 ¶ 8. He makes no further nonconclusory allegations of fact that allow the Court to reasonably infer that the Town passed on Plaintiff's applications *because of his age. See Johnston v. Hunter Douglas Window Fashions, Inc.*, 715 F. App'x 827, 830 (10th Cir. 2017) ("[T]he law requires more than conclusory assertions—it requires enough factual allegations for a court to reasonably infer the defendant is liable."); *see also Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 935-36 (10th Cir. 2024) (discussing the type of nonconclusory factual allegations that allow plaintiffs to state a claim under the ADEA).

Further, Plaintiff asserts facts in his Complaint suggesting that his repeated rejections had nothing to do with age at all. For example, Plaintiff alleges that he "was continually told that other people on the management team were 'intimidated' by [him]." *Compl.* at 9 ¶ 6. Plaintiff alleges that he was offered a position as a crossing guard, "which would afford [him] the opportunity to attend employee meetings and then the management team would be able to 'get to know [him] better.'" *Id.* Finally, Plaintiff alleges that the Town "has made an issue" of Plaintiff's past ethics violation during his tenure as County Manager of Lyon County, Nevada. *Id.* at 10 ¶ 9; *Background Synopsis and Clarification* [#1-7] at 9. Plaintiff baldly asserts that the Town is using his past ethics violation "to shadow their age discrimination violations," but provides no factual

11

enhancement for his conclusion that the ethics violation is a pretext for age discrimination. *Compl.* [#1] at 10 ¶ 9. These allegations undermine Plaintiff's position that his age was a but-for cause of the Town's reluctance to hire him. *See Cline*, 92 F.4th at 934 ("To state a plausible claim, the plaintiff must also allege that his age was a but-for cause of his termination.").

Elsewhere in his Complaint, Plaintiff asserts that "[t]here is a preponderance of evidence to justify Plaintiff's claim(s) as outlined in the accompanying documents" and that "the accompanying documents substantiate age discrimination and failure to hire." *Compl.* [#1] at 9-10, ¶¶ 3, 10. However, it is Plaintiff's job to draw the Court's attention to the specific evidence that he believes supports his claims. It is not the Court's job to assume the role of Plaintiff's advocate and comb through the numerous exhibits in order to make his case for him. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998); *Sellman v. Aviation Training Consulting, LLC*, No. CIV-22-365-D, 2023 WL 5987215, at *1 n.1 (W.D. Okla. Sept. 14, 2023), *aff'd*, 155 F.4th 1215 (10th Cir. 2025). In other words, Plaintiff cannot broadly refer to his exhibits and argue that they support claims for relief.

For these reasons, the Court **orders** that the Motion [#27] be **granted** and that Plaintiff's ADEA claim premised on a failure to hire theory be **dismissed without prejudice**.

## 2.    Retaliation Theory

Plaintiff's ADEA retaliation claim fails for substantially the same reason. The ADEA provides that "[i]t shall be unlawful for an employer to discriminate against any . . . applicants for employment . . . because such individual . . . has opposed any practice

12

made unlawful by this section." 29 U.S.C. § 623(d). The elements of an ADEA retaliation claim are (1) the plaintiff engaged in protected opposition to discrimination; (2) a reasonable employee would have considered the challenged employment action materially adverse; and (3) a causal connection existed between the protected activity and the materially adverse action. *Mauldin v. Driscoll*, 136 F.4th 984, 995 (10th Cir. 2025). Here, Plaintiff's Complaint contains *no* facts or allegations concerning any protected opposition to age discrimination. *See Compl.* [#1] at 9-10. In fact, as far as the Court can tell, the Complaint makes no reference to retaliation at all. *See id.* It is not enough for Plaintiff to attach materials to his complaint and hope that the Court can make out a plausible claim for retaliation that he himself does not state. *Adler*, 144 F.3d at 672.

Accordingly, the Court **orders** that the Motion [#27] be **granted** and that Plaintiff's ADEA claim premised on retaliation be **dismissed without prejudice**.

## D.  Administrative Exhaustion (Claims 2 and 3)

Plaintiff asserts religious and disability discrimination claims pursuant to Title VII and the ADA, respectively. *See Compl.* [#1] at 3-4. Defendants assert that Plaintiff did not administratively exhaust those claims. *Motion* [#27] at 8.

Title VII and the ADA require plaintiffs to exhaust their administrative remedies before filing an employment discrimination lawsuit in federal court. *Jones v. Needham*, 856 F.3d 1284, 1289 (10th Cir. 2017) (Title VII); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (ADA). "The purpose of administrative exhaustion is two-fold: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Needham*, 856 F.3d at 1290. "Given these goals, the charge document must contain the general facts concerning the discriminatory actions

later alleged in the legal claim." *Id.* "[A] plaintiff's claim in federal court" is thus "limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* Put differently, a plaintiff may not assert an action "based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Rosales v. Walmart*, *Inc.*, No. 21-cv-02078-NYW-SKC, 2022 WL 17039227, at *3 (D. Colo. Nov. 17, 2022).

Upon review of Plaintiff's Charge [#1-1], the Court cannot discern where Plaintiff alerted the EEOC or the Colorado Civil Rights Division of his claims of religious and disability discrimination. Plaintiff alleged that Defendants "refused to hire [him] based on [his] age . . . and/or in retaliation for engaging in a protected activity." *Charge* [#1-1] at 2. Plaintiff made no reference to his religion, to any disability, or the effect, if any, that those things had on Defendants' decision not to hire him. At bottom, the Charge asserts no facts that would have reasonably put the Respondent on notice of Plaintiff's later asserted claims of religious and disability discrimination. *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004) (recognizing that the EEOC charge process is "intended to protect employers by giving them notice of the discrimination claims being brought against them[.]"). Therefore, Plaintiff's Title VII and ADA claims warrant dismissal. *See Huss v. U.S. Bank*, No. 24-cv-01912-DDD-NRN, 2025 WL 2613573, at *5 (D. Colo. June 6, 2025) (finding plaintiff failed to exhaust administrative remedies and dismissing ADEA claim where charge did not include allegations regarding age discrimination).

Accordingly, the Court **orders** that the Motion [#27] be **granted** and Plaintiff's Title VII and ADA claims be **dismissed without prejudice**. *See Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018) ("Ordinarily, a dismissal based on a failure to

14

exhaust administrative remedies should be *without* prejudice.").

### IV.    Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that Defendants' Motion to Dismiss [#27] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff's Claim 4 is **dismissed without prejudice** as to both Defendants for lack of subject matter jurisdiction.

IT IS FURTHER **ORDERED** that Plaintiff's Claims 1, 2, and 3 against Defendant Ostler are **dismissed with prejudice**. The Clerk of Court is **directed** to terminate Defendant Ostler as a party to this case.

IT IS FURTHER **ORDERED** that Plaintiff's Claims 1, 2, and 3 against the Town are **dismissed without prejudice**.

IT IS FURTHER **ORDERED** that, to the extent Plaintiff wishes to file an amended complaint curing the deficiencies discussed herein—particularly those relating to his age discrimination claims—Plaintiff shall do so no later than **April 20, 2026**. Any motion for leave to amend shall comply with Federal Rule of Civil Procedure 15 and Rule 15.1 of this District's Local Rules. *See* D.C.COLO.LCivR 15.1.

Dated: March 19, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

15